RE: SERVICE BY STATE EMPLOYEE AS A COMMISSIONER OF THE OKLAHOMA EMPLOYMENT SECURITY COMMISSION
ATTORNEY GENERAL ROBERT HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT LETTER SEEKING THE ADVICE OF THIS OFFICE AS TO THE LEGALITY OF THE ASSISTANT DIRECTOR OF THE OKLAHOMA MERIT PROTECTION COMMISSION, A STATE EMPLOYEE, SERVING AS A COMMISSIONER OF THE OKLAHOMA EMPLOYMENT SECURITY COMMISSION (OESC). A COMPLETE RESPONSE TO YOUR INQUIRY NECESSITATES CONSIDERATION OF TWO SUBSIDIARY QUESTIONS: FIRST, WOULD SUCH AN APPOINTMENT VIOLATE THE PROHIBITION AGAINST DUAL OFFICE HOLDING EMBODIED IN 51 O.S. 6 (1989); AND SECOND, COULD SUCH AN EMPLOYEE MEET THE QUALIFICATIONS FOR COMMISSIONER SPECIFIED IN 40 O.S. 4-102 (1981)? THE ANSWER TO YOUR FIRST QUESTION IS CONTROLLED BY AN OFFICIAL OPINION OF A PRIOR ATTORNEY GENERAL; THE SECOND PRESENTS A QUESTION OF FACT WHICH CANNOT BE RESOLVED IN AN OFFICIAL OPINION INASMUCH AS THE ATTORNEY GENERAL'S LEGISLATIVELY-MANDATED ROLE IS LIMITED TO GIVING HIS OPINION AS TO ISSUES OF LAW. FOR THESE REASONS I AM ADDRESSING YOUR CONCERNS VIA THIS INFORMAL LETTER RESPONSE.
IN ATTORNEY GENERAL OPINION NO. 76-200, ONE OF THE QUESTIONS RAISED WAS VIRTUALLY IDENTICAL TO THE DUAL OFFICE HOLDING COMPONENT OF THE QUESTION YOU HAVE POSED. SENATOR GRANTHAM HAD ASKED THE FOLLOWING QUESTION:
 "MAY A SALARY RATE EMPLOYEE OF THE STATE OF OKLAHOMA BE APPOINTED TO A STATE BOARD OR COMMISSION AND CONTINUE TO SERVE IN BOTH CAPACITY?"
THE ATTORNEY GENERAL RESPONDED, IN PERTINENT PART, THAT:
 "A SALARIED EMPLOYEE OF THE STATE OF OKLAHOMA MAY BE APPOINTED TO A STATE BOARD OR COMMISSION AND CONTINUE TO SERVE AS A SALARIED EMPLOYEE IF THE DUTIES WITH THE STATE BOARD OR COMMISSION DO NOT IN ANY WAY CONFLICT WITH HIS RESPONSIBILITIES AS A SALARIED EMPLOYEE."
IT IS ASSUMED FOR PURPOSES OF ANSWERING YOUR QUESTION THAT THE EMPLOYEE TO WHOM YOU REFER, THE ASSISTANT DIRECTOR OF THE MPC, IS AN EMPLOYEE AND NOT A STATE OFFICER. THIS DISTINCTION IS IMPORTANT BECAUSE OTHERWISE THE DUAL OFFICE HOLDING PROVISIONS OF 51 O.S. 6 (1989) WOULD BE APPLICABLE. IN THE CASE OF YOUR INQUIRY, THE ASSISTANT DIRECTOR OF THE MERIT PROTECTION COMMISSION IS NOT A STATE OFFICER BECAUSE THE POSITION OF ASSISTANT DIRECTOR IS NOT A POSITION CREATED BY STATUTE AND THUS DOES NOT MEET ONE OF THE CRITICAL ELEMENTS FOR IDENTIFYING WHETHER A PARTICULAR POSITION IS AN "OFFICE".
THE OTHER POTENTIAL ISSUE RAISED IN ATTORNEY GENERAL OPINION NO. 76-200 — WOULD SERVICE AS OESC COMMISSIONER CONFLICT WITH HER DUTIES AS ASSISTANT DIRECTOR OF MPC — IS FACTUAL IN NATURE, REQUIRING RESOLUTION BY APPROPRIATE OFFICIALS OF THE MPC. IN MAKING THAT DETERMINATION, MPC OFFICIALS SHOULD BE MINDFUL OF THE OKLAHOMA CONSTITUTION, ARTICLE II, SECTION 11, WHICH READS, IN PERTINENT PART, AS FOLLOWS:
 EVERY PERSON ELECTED OR APPOINTED TO ANY OFFICER EMPLOYMENT OF TRUST OR PROFIT UNDER THE LAWS OF THE STATE, OR UNDER ANY ORDINANCE OF ANY MUNICIPALITY THEREOF, SHALL GIVEN PERSONAL ATTENTION TO THE DUTIES OF THE OFFICE TO WHICH IS ELECTED OR APPOINTED.
(QUOTED IN A.G. OPIN. NO. 76-200).
FOR THE FOREGOING REASONS, THE APPOINTMENT OF A STATE EMPLOYEE AS AN OFFICER OF A STATE COMMISSION, WHILE NOT PER SE VIOLATIVE OF OKLAHOMA LAW, COULD LEAD TO PROBLEMS IMPLICATING VARIOUS LEGAL PROHIBITIONS UNDER SPECIFIC FACTUAL SCENARIOS WHICH, OF COURSE, ARE NOT SUSCEPTIBLE OF TREATMENT IN AN OFFICIAL OPINION OF THE ATTORNEY GENERAL.
A.G. OPIN. NO. 76-200 ALSO POINTED OUT THAT IT IS IMPORTANT THAT THE INDIVIDUAL INVOLVED MEETS THE QUALIFICATIONS FOR THE POSITION TO WHICH SHE IS BEING APPOINTED. IN THIS INSTANCE, THE COMPOSITION OF THE OESC IS GOVERNED BY 40 O.S. 4-102 (1981), WHICH PROVIDES THAT TWO (2) COMMISSIONERS SHALL REPRESENT EMPLOYERS, TWO (2) SHALL REPRESENT EMPLOYEES, AND (1) SHALL REPRESENT THE PUBLIC. BECAUSE THOSE APPOINTMENTS ARE SUBJECT TO SENATE CONFIRMATION, IT IS ULTIMATELY FOR THE SENATE TO DETERMINE WHETHER OR NOT NOMINEES CAN ACCURATELY BE DESCRIBED AS REPRESENTING ONE OF THE THREE (3) PUBLIC INTERESTS. ONE CONSIDERATION IN MAKING THAT DETERMINATION IS THE STATUTORY DUTIES OF THE MPC WHICH ARE CONTAINED IN 74 O.S. 841.1 (1981) ET SEQ., AS AMENDED. IT IS APPARENT FROM A REVIEW OF THESE STATUTES THAT THE MPC, AND ITS STAFF, ARE REGARDED AS A NEUTRAL, QUASI-ADJUDICATIVE AGENCY WHOSE MISSION IS TO PROVIDE AN IMPARTIAL FORUM FOR THE RESOLUTION OF CERTAIN EMPLOYER/EMPLOYEE DISPUTES IN STATE GOVERNMENT. IT WOULD BE VERY DIFFICULT TO CHARACTERIZE THE FUNCTION OF THE COMMISSION, (AND BY EXTENSION ITS STAFF EMPLOYEES) AS REPRESENTING EITHER EMPLOYERS OR EMPLOYEES. ITS FUNCTION WOULD MORE LIKELY BE CHARACTERIZED AS REPRESENTING THE PUBLIC INTEREST IN AN ORDERLY MEANS FOR RESOLVING THE TYPES OF DISPUTES ALLUDED TO ABOVE.
IN THIS CONNECTION IT IS WORTH NOTING THAT 74 O.S. 4241(F) PRECLUDES STATE EMPLOYEES FROM ACCEPTING "OTHER EMPLOYMENT WHICH WOULD IMPAIR HIS EFFICIENCY OR INDEPENDENCE OF JUDGMENT IN THE PERFORMANCE OF HIS PUBLIC DUTIES." THERE IS, OF COURSE, A THRESHOLD QUESTION AS TO WHETHER OR NOT APPOINTMENT TO THE COMMISSION WOULD CONSTITUTE "OTHER EMPLOYMENT" FOR PURPOSES OR TRIGGERING THIS PROHIBITION BUT I BELIEVE THE POTENTIAL FOR CONFLICT IS READILY APPARENT INASMUCH AS IDENTIFICATION OF THE ASSISTANT DIRECTOR AS EITHER AN EMPLOYER OR EMPLOYEE REPRESENTATIVE WOULD UNDOUBTEDLY UNDERMINE HER EFFECTIVENESS AS A STATUTORY NEUTRAL WITH THE MPC.
THE REASONING OF A.G. OPIN. NO. 76-200 IS SOUND AND WOULD IN ALL LIKELIHOOD GOVERN OR GUIDE THE CONSIDERATION OF THIS OFFICE IN ITS CONSIDERATION OF ANY SIMILAR QUESTION. THEREFORE, I THINK IT IS AN ADEQUATE GUIDE FOR YOUR DELIBERATIONS OVER THE PROPOSED NOMINATION. THE DECISION TO BE MADE IS, OF COURSE, A DECISION FOR THE LEGISLATIVE BRANCH, NOT FOR THE OFFICE OF ATTORNEY GENERAL. IT APPEARS TO ME THAT THE KEY QUESTION FOR CONSIDERATION IS WHETHER OR NOT THE NATURE OF THE NOMINEES DUTIES WITH THE MERIT PROTECTION COMMISSION, A NEUTRAL STATE AGENCY, WOULD ALLOW HER TO APPROPRIATELY BE CLASSIFIED AS EITHER AN EMPLOYER OR AN EMPLOYEE REPRESENTATIVE. IF I CAN BE OF FURTHER ASSISTANCE TO YOU, PLEASE FEEL FREE TO CONTACT ME.
(NED BASTOW)